UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYN MICHELE PRUDHOMME,

                Plaintiff,                Civil Action No. 18-10801
                                        Honorable Matthew F. Leitman
                                        Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [11, 12]**

      Plaintiff Lyn Prudhomme ("Prudhomme") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (Docs. #11, #12), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.      RECOMMENDATION**

      For the reasons set forth below, the Court finds that the Administrative Law Judge's ("ALJ") conclusion that Prudhomme is not disabled under the Act is not supported by substantial evidence. Accordingly, the Court recommends that the Commissioner's Motion for Summary Judgment (**Doc. #12**) be **DENIED**, Prudhomme's Motion for Summary Judgment (**Doc. #11**) be **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits, and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be **REMANDED** to the ALJ for further proceedings consistent with this Recommendation.

## II.     REPORT

### A.     Background

Prudhomme was 62 years old at the time of her alleged onset date of June 12, 2014, and at 5' tall weighed approximately 130 pounds during the relevant time period.  (Tr. 221, 225). She completed high school and college.  (Tr. 226).  She worked for two banner companies – first primarily dealing with shipping and inventory (from 1985 to 2009), and then working in sales (from 2010 to 2014) – but she stopped working in June 2014 because of her medical conditions. (Tr. 225, 233-34).  She now alleges disability primarily as a result of coronary artery disease, chronic obstructive pulmonary disorder, HIV, depression, and anxiety.  (Tr. 225).

After Prudhomme's application for DIB was denied at the initial level on April 6, 2015 (Tr. 105-08), she timely requested an administrative hearing, which was started on August 9, 2016 (Tr. 74-90) and continued on October 26, 2016, before ALJ Timothy Scallen (Tr. 43-73). Prudhomme, who was represented by two different attorneys, testified at both hearings, and vocational expert ("VE") Scott Silver testified at the October 2016 hearing.  (*Id.*).  On March 8, 2017, the ALJ issued a written decision finding that Prudhomme is not disabled under the Act. (Tr. 25-37).  On January 11, 2018, the Appeals Council denied review.  (Tr. 1-6).  Prudhomme timely filed for judicial review of the final decision on March 11, 2018.  (Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Prudhomme's medical record, Function and Disability Reports, and testimony as to her conditions and resulting limitations.  Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### B.     The ALJ's Application of the Disability Framework Analysis

Under the Act, DIB are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  The Act defines "disability" as the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps ….  If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this sequential analysis, the ALJ found that Prudhomme is not disabled under the Act.  At Step One, the ALJ found that Prudhomme has not engaged in substantial gainful activity since June 12, 2014 (the alleged onset date).  (Tr. 27)  At Step Two, the ALJ found that

3

she has the severe impairment of "nonobstructive coronary artery disease with nonobstructive and preserved [left ventricular ejection fraction]."  (*Id.*).  At Step Three, the ALJ found that Prudhomme's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment.  (Tr. 32).

The ALJ then assessed Prudhomme's residual functional capacity ("RFC"), concluding that she is capable of performing medium work, with the following additional limitations:  can only occasionally perform postural activities, such as climbing stairs and ramps; can never climb ropes, ladders or scaffolds; and must avoid concentrated exposure to unprotected heights and moving machinery.  (*Id.*).

At Step Four, the ALJ found that Prudhomme is capable of performing her past relevant work, which he characterized as that of a "secretary."  (Tr. 36).  As a result, the ALJ concluded that Prudhomme is not disabled under the Act.  (*Id.*).

C.     **Standard of Review**

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted).  In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts

in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

### D.    Analysis

In her motion, Prudhomme argues that the ALJ's finding that she retains the RFC to perform her past relevant work as a secretary "must be reversed because she never engaged in that type of work."[1] (Doc. #11 at 28). Specifically, Prudhomme argues that she never worked as a secretary, nor did she perform the duties of that job as it is defined in the Dictionary of Occupational Titles ("DOT"). (*Id.* at 29). The secretary job identified by the ALJ is defined as

---

[1] Prudhomme also argues that the ALJ erred in formulating an RFC that does not properly account for all of her mental and exertional limitations. (Doc. #11 at 25-28). Because the Court is recommending remand on other grounds, it need not consider the merits of this argument.

follows in the DOT:

> **Secretary 201.362-030:**  Schedules appointments, gives information to callers, takes dictation, and otherwise relieves officials of clerical work and minor administrative and business detail:  Reads and routes incoming mail. Locates and attaches appropriate file to correspondence to be answered by employer.  Takes dictation in shorthand or by machine [STENOTYPE OPERATOR (clerical) 202.362-022] and transcribes notes on typewriter, or transcribes from voice recordings [TRANSCRIBING-MACHINE OPERATOR (clerical) 203.582-058].  Composes and types routine correspondence.  Files correspondence and other records. Answers telephone and gives information to callers or routes call to appropriate official and places outgoing calls.  Schedules appointments for employer.  Greets visitors, ascertains nature of business, and conducts visitors to employer or appropriate person.  May not take dictation.  May arrange travel schedule and reservations.  May compile and type statistical reports.  May oversee clerical workers.  May keep personnel records [PERSONNEL CLERK (clerical) 209.362-026].  May record minutes of staff meetings.  May make copies of correspondence or other printed matter, using copying or duplicating machine.  May prepare outgoing mail, using postage-metering machine.  May prepare notes, correspondence, and reports, using word processor or computer terminal.

*See* https://occupationalinfo.org/20/201362030.html (last accessed September 24, 2018).  As set forth below, a review of Prudhomme's testimony and work history, as well as information provided by the VEs, shows that the ALJ's finding that she previously worked as a "secretary" is not supported by substantial evidence.

Social Security Ruling ("SSR") 82-62 recognizes that a claimant is the "primary source" of information regarding past relevant work.  *Soc. Sec. Rul. 82-62*, 1982 WL 31386, at *3 (1982).  The Ruling further provides that, "The decision as to whether the claimant retains the functional capacity to perform past work … has far-reaching implications and must be developed and explained fully in the disability decision.  Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit."  *Id.*

In this case, Prudhomme completed a Work History Report on December 15, 2014, in

6

which she described her work at American Flag and Banner ("American") (from 1985 to 2008) and at Banner Sign Company ("Banner") (from 2008 to 2014).  (Tr. 232-39).  In that report, she indicated that her job title at American was "Sales Clerk," and she described her job duties as carrying flags, shipping, and inventory.  (Tr. 233).  Similarly, she listed her job title at Banner as "Sales/Delivery," and she indicated she "sold flags [and] also did delivery" in that job.  (Tr. 234).  With respect to both jobs, Prudhomme denied using technical knowledge or skills, or doing any writing, completing reports, or performing similar duties.  (Tr. 233-34).

In an updated Work History Report, completed on April 6, 2015, Prudhomme provided more detail about her job duties at each of these companies.  (Tr. 249-56).  Specifically, with respect to her job at American, Prudhomme reported:

> She did inventory, manufacturing, shipping, deliveries, trade show set ups, cleaning.  She vacuumed & cleaned toilets.  She did inventory 1 or 2 times a week.  If they had a large sale, she would do inventory to reorder.  She gathered merchandise for the orders & packed them.  She placed labels on them & decided whether to ship UPS.  She sawed the poles & placed the flag on the pole, packaged the flags in boxes for shipping for installer to pick up ….

(Tr. 250).  Similarly, in describing her job duties at Banner, Prudhomme stated:

> The duties were the same as American Flag & Banner.  She did more manufacturing & that entailed cutting yardage of material, lifting rolls of material, some sewing.  She did shipping, packaging, trade show set ups. She delivered flags, poles, stands, stickers or banners on a daily basis.  She spent 3 hours/day delivering.  She used the company van for deliveries. She also cleaned, she swept the floors.  She greeted customers when they came through the door….

(Tr. 251).

The record also contains two VE-prepared summaries of Prudhomme's employment history.  Specifically, in preparation for the August 2016 administrative hearing, VE Michael

Rosko[2] prepared a "Past Relevant Work Summary." (Tr. 276). In that document, Mr. Rosko characterized Prudhomme's past work as that of shipping and receiving clerk, sewing machine operator, and deliverer. (*Id.*). Subsequently, prior to the continuation of Prudhomme's administrative hearing in October 2016, VE Scott Silver characterized Prudhomme's employment history as including the jobs of decorator, hand packager, commercial or industrial cleaner, outside deliverer, sewing machine operator, and shipping and receiving clerk. (Tr. 282-83). Thus, neither VE identified the job of "secretary" as part of Prudhomme's work history.

Prudhomme also testified regarding her past work at both administrative hearings. At the first hearing, held in August 2016, Prudhomme testified that she previously worked as "a factory worker at a sign company." (Tr. 77). When asked what specifically she had done in this job, Prudhomme replied, "I made vinyl banners. I did some sewing on cloth. I cut stickers out. Whatever needed to be done in the back as far as sign manufacturing." (Tr. 78). She also testified that, prior to her last job (at Banner), she worked for 26 years as a "factory worker" at another "flag and sign company" (American), saying that she did the "[s]ame thing" in both jobs. (*Id.*).

Crucially, however, the ALJ appears to have either overlooked or disregarded Prudhomme's testimony in this respect in favor of a confusing snippet of testimony from the second administrative hearing. Specifically, the following exchange occurred between the ALJ, VE Scott Silver, and Prudhomme at the October 2016 hearing:

> ALJ: All right, Mr. Silver, first of all, can you classify for us the claimant's past work in the last 15 years?
>
> VE: Just a quick question. At her last job with the banner company, was she a secretary, in terms of managing the office, mailing,

---

[2] Rosko appeared at the August 2016 hearing, but the hearing was adjourned in order to obtain additional medical records before he was called to testify. (Tr. 74-90).

phones, all of that, or was [she] in more shipping and receiving?

CLMT:   I did no shipping and receiving at that job.

VE:   Okay.

CLMT:   The first job, I did.  The last job, no, I did not.  So I would consider myself an office manager.

(Tr. 68-69).  From this testimony, VE Silver opined, in relevant part, that Prudhomme's past relevant work was that of a secretary (which he characterized as light and skilled).   (*Id.*).  Prudhomme now argues that she never worked as a secretary, and "it was clear legal error in violation of the Social Security Rules and Regulations, and unsupported by substantial evidence, to find past relevant work as a secretary, let alone to make a finding that [she] can do such (skilled) work."  (Doc. #11 at 30).

In response, the Commissioner makes two arguments.  First, she argues that Prudhomme "has waived any challenge to the ALJ's characterization of her past relevant work by not raising it at the administrative level."  (Doc. #12 at 20).  The Commissioner also argues that even if the Court declines to find waiver, "substantial evidence supports the ALJ's step four finding."  (*Id.* at 22).  In advancing this second argument, the Commissioner points to Prudhomme's testimony at the second administrative hearing that, at her last job, she "basically [did] office work" and that she would "consider [herself] an office manager."  (Tr. 49, 68-69).  In light of this testimony, the Commissioner claims that Prudhomme's "bald assertion … that she never worked as a secretary … is insufficient to undermine the VE's testimony or the ALJ's findings."  (Doc. #12 at 22).

To begin with, it is true that VE Silver opined that Prudhomme had past relevant work as a secretary, and as the Commissioner asserts, Prudhomme's attorney failed to object to this testimony or cross-examine the VE regarding the basis for this opinion.  (*Id.* at 21 (citing Tr. 68-72)).  Under similar circumstances, courts have held that such a failure results in waiver of any

challenge to the VE's testimony.  *See, e.g., Zorn v. Comm'r of Soc. Sec.*, 2015 WL 5545257, at

*4 (E.D. Mich. Sept. 18, 2015) (finding, where the VE testified that the plaintiff could return to

his past relevant work, that "[b]y declining to question the VE on cross-examination, any

objections were waived and there are no grounds for relief").

In this case, however, several facts compel the Court to consider the merits of

Prudhomme's argument.  First, the applicable regulations clearly require that the ALJ afford the

plaintiff an opportunity to question the VE.  *See* 20 C.F.R. § 404.950(e) ("The administrative law

judge may ask the witness any questions material to the issues and *will allow* the parties or their

designated representatives to do so.") (emphasis added).  Here, that was not done.  Second, it

appears that Prudhomme was blind-sided to learn on the morning of the second hearing that she

would be represented by an attorney she had never met who knew little (if anything) about her

case.[3]  The Court cannot help but suspect that, had Prudhomme's long-time attorney – who was

familiar with her file – appeared at the second hearing, he would have known to challenge VE

Silver's testimony that she had prior work experience as a secretary.  Thus, with these facts in

mind, the Court simply cannot overlook both the VE's flawed testimony with respect to

Prudhomme's past employment and the ALJ's reliance on that testimony in finding at Step Four

that she can perform her past relevant work.

Turning to the merits of Prudhomme's argument, and looking at all of the evidence of

record, it certainly appears that both the VE and the ALJ mischaracterized Prudhomme's past

relevant work as that of "secretary."  Indeed, the description of "secretary" in the DOT bears

little resemblance to the job described by Prudhomme.  Specifically, Prudhomme indicated in

---

[3] Indeed, Prudhomme expressed frustration at this hearing, saying she was thrown "for a loop"
when her long-time attorney, Joshua Moore, called her that morning "and said he wasn't going to
be here today and I've known Josh for so long and I just – I was trying to take it like an adult and
I, this morning, I just burst out crying because Josh wasn't going to be here."  (Tr. 65).

Work History Reports that her job duties at American included carrying flags, shipping, and inventory (Tr. 233), while she "sold flags [and] also did delivery" at Banner (Tr. 234). In summarizing Prudhomme's employment history in preparation for hearing, the VEs characterized Prudhomme's past work variously as that of shipping and receiving clerk, sewing machine operator, deliverer, decorator, hand packager, commercial or industrial cleaner, outside deliverer, sewing machine operator, and shipping and receiving clerk. (Tr. 276, 282-83). Tellingly, neither VE identified a secretarial job as part of Prudhomme's work history. Moreover, at the August 2016 administrative hearing, Prudhomme testified clearly that she worked as "a factory worker at a sign company," saying, "I made vinyl banners. I did some sewing on cloth. I cut stickers out. Whatever needed to be done in the back as far as sign manufacturing." (Tr. 77-78).

In contrast to all of the aforementioned evidence, the Commissioner relies only on Prudhomme's testimony at the second administrative hearing that, at her last job, she "basically [did] office work" and that she would "consider [herself] an office manager." (Doc. #12 at 22 (citing Tr. 49, 68-69)). However, it is unclear whether Prudhomme properly understood the questions presented by the VE. Indeed, VE Silver appeared to suggest an "either/or" scenario – either she worked as a secretary or she worked in shipping and receiving. (Tr. 69). Only when presented with a choice between these two alternatives did Prudhomme say that she "did no shipping and receiving" and therefore "would consider [herself] an office manager." (Tr. 68-69).

In summary, then, the record indicates that: the key testimony on which both the VE and the ALJ relied is, at best, muddled; Prudhomme's long-time attorney was not present during that testimony; the attorney representing her at the time this testimony was provided was not explicitly offered the opportunity to cross-examine the VE; and the DOT's description of the

"secretary" job bears no resemblance whatsoever to Prudhomme's description of her actual prior work.  Given all of these facts, the Court simply cannot find that substantial evidence supports the ALJ's determination that Prudhomme had past relevant work as a "secretary," or that she has the RFC to perform that or any other actual past relevant work.  As such, remand is required. *See, e.g., Valentin v. Barnhart*, 339 F. Supp. 2d 596, 600 (S.D.N.Y. 2004) (remanding for further proceedings where "the erroneous testimony by the VE [] invalidate[d] the ALJ's finding that [the plaintiff] would be able to perform his past work …."); *Diaz v. Astrue*, 2009 WL 3045875, at *8 (C.D. Cal. Sept. 21, 2009) (remanding where the ALJ improperly relied on the VE's characterization of the plaintiff's past work where there was "some confusion as to the physical exertion requirements" of that job); *Martin v. Colvin*, 2017 WL 132848, at *3-4 (E.D. Ark. Jan. 12, 2017) (remanding where the VE characterized the plaintiff's past work in a manner inconsistent with his testimony and Work History Reports).

## III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #12**) be **DENIED**, Prudhomme's Motion for Summary Judgment (**Doc. #11**) be **GRANTED IN PART** to the extent it seeks remand and **DENIED IN PART** to the extent it seeks an award of benefits, and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be **REMANDED** to the ALJ for further proceedings consistent with this Recommendation.

Dated: September 25, 2018                    s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager